**Jose POLANCO–ESTRADA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–74425.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2006.

Filed Jan. 29, 2007.

Marshall G. Whitehead, Esq., The Abacus Tower, Phoenix, AZ, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, District Counsel, Office of the District Chief Counsel U.S. Department of Homeland Security, Phoenix, AZ, Cynthia M. Parsons, Office of The U.S. Attorney, Phoenix, AZ, for Respondent.

Before: HAWKINS, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM *

José Polanco–Estrada ("Polanco") filed a habeas corpus petition under 28 U.S.C. § 2241 in the district court, challenging the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of Polanco's application for a waiver of deportability under former Immigration and Nationality Act § 212(c). The petition was transferred to this court pursuant to the REAL ID Act of 2005.

Under 8 U.S.C. § 1252(a)(2)(B), we lack jurisdiction to review the BIA's denial of discretionary relief. Federal courts are barred from reviewing certain discretionary decisions of the Attorney General and the Secretary of Homeland Security, including the denial of waivers of deportability. 8 U.S.C. § 1252(a)(2)(B). An exception exists for "review of constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D).

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Polanco, however, has not presented a colorable legal question. In 1989, Polanco pled guilty in Arizona state court by an "*Alford* plea" (i.e., while maintaining his innocence)[1] to attempted sexual abuse with a minor under the age of 15 years. Polanco contends that, under Arizona law, an *Alford* plea allows a defendant to maintain his innocence while accepting the consequences of a final conviction, and that the IJ's "failure to recognize the substance of an *Alford* plea" under Arizona law led to his erroneous legal conclusion that Polanco's denial of culpability was an adverse factor in light of his guilty plea.

It is evident from the record, however, that the IJ did not commit any sort of legal error in considering Polanco's request for a waiver of deportability. The record discloses that the IJ independently reviewed the circumstances surrounding Polanco's conviction and determined, as a matter of discretion, that his failure to accept responsibility for the conviction was inconsistent with a waiver of deportability. Because Polanco has not presented a colorable legal claim, we lack jurisdiction to review the IJ's discretionary denial of the § 212(c) waiver.

The petition for review is **DISMISSED.**

---

1. The term derives from *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), in which the Supreme Court held that it is constitutional for a state to allow a criminal defendant to consent to imposition of a criminal sentence while continuing to assert his innocence, as long as the plea is entered voluntarily and knowingly and there is a factual basis for the plea. *Id.* at 37–38, 91 S.Ct. 160.

